IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR SCOTT PRELLE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 24-5291** |
| | : | |
| **UNITED STATES MINT, ROBERT KURZYNA, TREASURER OF THE UNITED STATES** | : : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                           **October 28, 2024**

      Arthur Scott Prelle returns to pro se sue immune federal agencies and federal officials. He now seek an accounting and redemption of a 2016 "certificate" issued by the United States for eight dollars. He wants the federal actors to redeem and account for this unknown certificate. He claims the federal agency and federal officials violated the Uniform Commercial Code, the Trading with the Enemy Act, and his claimed civil rights by not immediately honoring his demand. But the United States Mint, its Philadelphia Superintendent, and the Treasurer of the United States are immune from suit unless Congress waives their sovereign immunity by granting a private cause of action under a particular statute. Mr. Prelle does not allege a private cause of action overcoming sovereign immunity. We dismiss his claims without prejudice consistent with screening obligations as we lack subject matter jurisdiction. We grant him leave to timely amend if he can plead a claim not barred by sovereign immunity within our limited subject matter jurisdiction.

I.   **Alleged pro se facts**

Arthur Scott Prelle purchased "a security certificate dated March 24, 2016 and issued by the United States of America" identified by the number 826-2 for eight dollars.[1] Mr. Prelle alleges he holds his certificate in "good faith as a protected purchaser" under Article 8 of the Uniform Commercial Code with "no notice of any adverse claims."[2] He tried to redeem the unidentified certificate in early September 2024. Mr. Prelle made two demands for an accounting and redemption of his "security certificate" on Robert Kurzyna, Superintendent of the United States Mint at Philadelphia, on September 3 and September 6, 2024.[3]

Mr. Prelle does not plead the federal officials' response. He instead pleads "Defendants" failed to "provide a complete authenticated accounting" for his certificate and refused to redeem the certificate breaching their obligations under the Uniform Commercial Code and mismanaged his certificate by "engaging in self-dealing transactions, and/or comingling" his certificate with other accounts.[4] Mr. Prelle pleads "the complex nature" of his certificate and "Defendants' exclusive control over the financial records make it impossible for [him] to determine the true value of [his certificate] or the extent of any mismanagement with a complete on and off books accounting."[5] Mr. Prelle suffered "specific harm," including "the loss of the guaranteed value" of his certificate resulting from "Defendants" refusal to redeem his certificate.[6]

II.   **Analysis**

Mr. Prelle sued the United States Mint, Robert Kurzyna in his official capacity as the Superintendent of the United States Mint in Philadelphia, and the Treasurer of the United States.[7]

Mr. Prelle seeks an "accounting" under the Uniform Commercial Code and "redemption" of his certificate under Article 9 of the Uniform Commercial Code. Mr. Prelle seeks money damages, imposition of a constructive trust, injunctive relief, and other relief.[8]

2

Congress requires us to screen Mr. Prelle's allegations after granting him leave to proceed without paying filing fees.[9] We must dismiss his Complaint before issuing summons if his claim is frivolous or malicious, he does not state a claim on which relief may be granted, or he seeks monetary relief against a defendant immune from such relief.[10] We apply to same standard under Federal Rule of Civil Procedure 12(b)(6) to determine whether a claim should be dismissed under section 1915(e)(2)(B)(ii).[11] We accept as true all well-pleaded facts in the complaint construed in the light most favorable to Mr. Prelle.[12] "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[13] While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully."[14] "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient."[15] We mindful of our "obligation to liberally construe" Mr. Prelle's *pro se* complaint.[16]

### *The United States Mint, its Superintendent, and the Treasurer of the United States are immune from suit seeking money damages.*

The United States as a sovereign is immune from suit seeking money damages.[17] Congress may waive the federal government's immunity where a statute "unmistakabl[y] allows it."[18] Absent a waiver, sovereign immunity shields the United States, its agencies, and its employees acting in their official capacities from suits for money damages.[19]

The Defendants are immune from Mr. Prelle's claims for money damages. The United States Mint is a bureau in the Department of Treasury.[20] The Department of Treasury is an executive department of the United States Government.[21] The Treasurer of the United States is an official within the Department of the Treasury.[22] Claims against Superintendent Kurzyna in in his official capacity as the superintendent of the United States Mint in Philadelphia is a suit against

3

the United States. Congress did not waive sovereign immunity for a damages claim for any theory of liability advanced by Mr. Prelle.[23] Mr. Prelle did not plead Congress's waiver of his claims, how his claims apply to Congress's waiver, or how any of his claims apply to the federal agency and federal officials he sues. Defendants are immune and we are without subject matter jurisdiction over claims asserting money damages against the United States Mint, Superintendent Kurzyna, and the Treasurer of the United States.[24]

### *We lack jurisdiction over Mr. Prelle's claims for an accounting under the Uniform Commercial Code.*

Mr. Prelle seeks an accounting of his security certificate.[25] We lack jurisdiction to the extent Mr. Prelle seeks relief other than money damages in the form of accounting. Mr. Prelle seeks an accounting from Defendants under section 9-210 of the Uniform Commercial Code. The Uniform Commercial Code is a "model code—it does not itself have the force of law …"[26] We dismiss claims under the Uniform Commercial Code for lack of jurisdiction.[27]

### III.   Conclusion

Mr. Prelle's present claims are barred against the United States Mint, its local Superintendent and the Treasurer by sovereign immunity as he does not, nor cannot to our research, allege Congress waived sovereign immunity for his commercial code, Trading with the Enemy Act, and civil rights claims. We dismiss his Complaint consistent with our screening obligations but grant him leave to timely amend if he can plead facts consistent with his Rule 11 obligations.

---

[1] ECF 2 ¶ 10. We earlier dismissed a complaint Mr. Prelle filed against himself. This dismissal marks the second dismissal of a frivolous claim consistent with our screening obligations for complaints filed without paying the filing fees. *Prelle v. Prelle*, No. 16-3723 (E.D. Pa.). We may enjoin filings without paying the filing fees if a federal judge finds three frivolous cases filed without paying fees under section 1915.

---

[2] ECF 2 ¶¶ 11, 13. We do not know what Mr. Prelle means by an instrument he identifies as a "security certificate," either through his allegations or our independent review.

[3] *Id.* ¶¶ 14–15, 19. Mr. Prelle alleges the value of his security certificate increased in value to over $3,000 "in the absence of an accounting" in the three days between his first and second demand for redemption. *Id.* ¶ 20.

[4] *Id.* ¶¶ 21-22, 24.

[5] *Id.* ¶ 25.

[6] *Id.* ¶¶ 22-23.

[7] Marilynn Malerba currently occupies the position of Treasurer of the United States. Mr. Prelle does not plead whether he is suing the Treasurer of the United States in her official or individual capacity.

[8] ECF 2 ¶ 39, Demand for Relief.

[9] 28 U.S.C. § 1915(a).

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Jones v. Grill*, No. 21-2091, 2024 WL 3423707, at *2 n. 3 (3d Cir. July 16, 2024).

[12] *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018).

[13] *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[14] *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

[15] *Id*. (quoting *Iqbal*, 556 U.S. at 668).

[16] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

[17] *Dep't of Agric. Rural Dev. Rural Housing Serv. v. Kirtz*, 601 U.S. 42, 48 (2024); *D.J.S.-W by Stewart v. United States*, 962 F.3d 745, 749 (3d Cir. 2020).

[18] *Kirtz*, 601 U.S. at 48-49 (quotation omitted).

---

[19] *Evans-Sampson v. U.S. Dep't of Justice*, No. 21-1834, 2022 WL 883939, *2 (3d Cir. Mar. 24, 2022) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).

[20] 31 U.S.C. § 304(a).

[21] *Id.* § 301(a).

[22] *Id.* § 301(d).

[23] Mr. Prelle also seeks an accounting and redemption claims under the Trading with the Enemy Act. 50 U.S.C. § 4309, ECF 2 at ¶¶ 29, 35. He does not plead how Congress, through the Trading with the Enemy Act, provides him the right to sue United States agencies or officials. We understand Congress through the Trading with the Enemy Act provides a narrow private right of action for foreigners to petition the United States for return of property seized or transferred to the United States during wartime but we do not see how Mr. Prelle (swearing he resides in Chesterbrook Pennsylvania in this District) fits these characteristics. 50 U.S.C. § 4309(a). Mr. Prelle finally seeks an accounting and redemption claims under our civil rights law. 42 U.S.C. § 1983, ECF 2 ¶¶ 30, 36. He does not plead the deprivation of a constitutional right. He also does not plead a state actor and section 1983 does not apply to federal officials.

[24] *Treasurer of the New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395-96 (3d Cir. 2012) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

[25] Section 9-210 of the Uniform Commercial Code provides for a "request for accounting" defined as "a record authenticated by a debtor requesting that the recipient provide an accounting of the unpaid obligations secured by collateral and reasonably identifying the transaction or relationship that is the subject of the request." UCC § 9-210(a)(2). "[A] secured party … shall comply with a request [for accounting] within 14 days after receipt: (1) in the case of a request for an accounting, by authenticating and sending to the debtor an accounting …" *Id.* § 9-210(b)(1). Even if the Uniform Commercial Code applied, Mr. Prelle does not allege he is a debtor owed an accounting by a "secured party." It appears the other way around; Mr. Prelle believes the United States is in debt to him by refusing to redeem the value of his "security certificate" owed to him.

[26] *Spencer v. United States*, 98 Fed. Cl. 349, 357 (Fed. Cl. 2011) (quoting *Linear Tech. Corp. v. Micrel, Inc.*, 275 F.3d 1040, 1048 (Fed. Cir. 2001)); *see also Clapp v. United States*, No. 23-1507, 2023 WL 8540604, *4 (Fed. Cl. Dec. 11, 2023) (dismissing for lack of subject matter jurisdiction claims under the Uniform Commercial Code).

[27] *Spencer*, 98 Fed. Cl. At 357 (citing *Clark v. United States*, 116 F. App'x 278, 279 (Fed. Cir. 2004)).