IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR SCOTT PRELLE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-5291** |
| | : | |
| **UNITED STATES MINT; ROBERT KURZYNA; THE TREASURER OF THE UNITED STATES; UNITED STATES DEPARTMENT OF STATE; UNITED STATES DEPARTMENT OF TREASURY; UNITED STATES SECRETARY OF STATE; UNITED STATES OF AMERICA; STATE OF NEW JERSEY** | : : : : : : : : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                       **November 26, 2024**

A fifty-seven year old man alleges "redemptionist" theories typical of those filed by "sovereign citizens" claiming his birth certificate is a contract between him and the United States and his birth state of New Jersey, and creates a trust account for him which now entitles him to an accounting, other equitable relief, and damages from the United States, its officials, and New Jersey. We, like every colleague who studied these theories, find these fictitious allegations wholly frivolous as a birth certificate or authentication of a birth certificate does not create a contract or a trust account, the United States and its officials are immune from money damages, the state of New Jersey is immune under the Eleventh Amendment, and the sovereign citizen is not entitled to equitable relief absent an underlying legal basis. We dismiss his third amended Complaint consistent with our screening obligations with prejudice.

**I. Alleged pro se facts**

Arthur Scott Prelle, born in New Jersey in 1967, alleges his parents "accidentally permit[ted]" the State of New Jersey at the time of his birth to "create and attach the public legal

fiction known as 'ARTHUR SCOTT PRELLE' estate(s) trust(s)" to him "without adequate legal basis or lawful consideration."[1]

In July 2015 and February 2016, Mr. Prelle purchased replacement birth certificates from the State of New Jersey for twenty-five dollars each.[2] In March 2016, Mr. Prelle submitted a "DS-4194" form to the State Department and United States Secretary of State seeking an "authentication certificate."[3] The Secretary of State issued him an "authentication certificate" on March 24, 2016.

Mr. Prelle waited over eight years and then made two demands for an accounting and redemption of his "equitable interest" in the "contract" in September 2024 on Robert Kurzyna, Superintendent of the United States Mint in Philadelphia.[4] Mr. Prelle demanded an accounting and redemption of his equitable interest in the contract from the Treasurer of the United States in October 2024.[5] Unidentified federal or state actors did not provide him with a detailed accounting of the money owed to him under the contract and to "redeem or return" to him his "equitable interests" under the contract.[6]

## II.   Analysis

We granted Mr. Prelle leave to file this case without paying the filing fees due to his sworn pauper status. He sues the United States Mint, Robert Kurzyna in his official capacity as the Superintendent of the United States Mint in Philadelphia, the Treasurer of the United States, United States Department of Treasury, the United States Department of State, United States Secretary of State, the United States of America, and the State of New Jersey.[7] Mr. Prelle invokes our jurisdiction under Article III, section 2, clause 1 of the Constitution granting judicial power to controversies to which the United States is a party.[8]

He asserts claims for breach of contract, imposition of a constructive trust, specific performance, accounting, equitable estoppel, and seeks a declaration he "holds a valid and enforceable equitable interest in the property interests" in his birth certificates, the contract he entered into with the United States on March 24, 2016 is legally binding, the Defendants breached their fiduciary duties to him, Defendants must redeem or return his equitable interest, the Defendants are not immune from damages, and injunctive relief "to preserve his rights under the Contract."[9]

Congress requires we screen Mr. Prelle's allegations relying on sworn representations of being a pauper leading us to grant him leave to proceed without paying filing fees.[10] We must dismiss his Complaint before issuing summons if his claims are frivolous or malicious, if he does not state a claim on which relief may be granted, or if he seeks monetary relief against a defendant immune from such relief.[11] We apply to same standard under Federal Rule of Civil Procedure 12(b)(6) to determine whether a claim should be dismissed under section 1915(e)(2)(B)(ii).[12] We accept as true all well-pleaded facts in the complaint construed in the light most favorable to Mr. Prelle.[13] "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[14] While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully."[15] "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient."[16] We are mindful of our "obligation to liberally construe" Mr. Prelle's *pro se* complaint.[17]

We studied Mr. Prelle's repeated allegations. He again sues the United States and its officials in their official capacities for money damages. The United States and its officials are

3

immune from money damages. We dismiss all claims seeking money damages from the United States, the Department of Treasury, Department of State, the Treasurer of the United States, and the Secretary of State. The State of New Jersey is immune from suit under the Eleventh Amendment. We dismiss all claims against the State of New Jersey. We lack jurisdiction over Mr. Prelle's claims for money damages. And because we lack jurisdiction to award Mr. Prelle damages, we cannot grant him equitable relief and dismiss his claims for accounting, equitable estoppel, declaratory and injunctive relief.

### A. We lack subject-matter jurisdiction over Mr. Prelle's claims and requested relief.

The entirety of Mr. Prelle's claim is based on his allegation his New Jersey birth certificate and the State Department's March 16, 2024 "authentication certificate" of his birth certificate are contracts between him and New Jersey and the United States. Birth certificates are not, as a matter of law, contracts because they do not recognize or impose contractual rights, obligations, or duties.[18] The United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit routinely dismiss claims of sovereign citizens based on a contractual relationship created by birth certificates as fictitious.[19]

For example, in *Potter v. United States*, Judge Sweeney dismissed a claim alleging a birth certificate and "estate" created by the United States in the claimant's name in all capitals required the United States to compensate the claimant.[20] Judge Sweeney concluded sovereign citizen Ms. Potter's claims are a "legal fiction . . . not based in law but in the fantasies of the sovereign citizen movement" and the court lacked jurisdiction over based on sovereign citizen theories based on a fictitious trust.[21] Mr. Prelle's claims seeking to redeem a fictitious trust cannot serve as the basis of our jurisdiction considering the weight of authority from the United

4

States Court of Federal Claims. We dismiss his third amended Complaint for lack of subject-matter jurisdiction.[22]

### B. Defendants are immune from damages claims.

Even if Mr. Prelle's claims are not sovereign citizen-type claims routinely dismissed as frivolous, both the United States entities and the State of New Jersey are immune from damages on breach of contract claims. We today offer yet another lesson to Mr. Prelle so he can avoid further sanction should he continue suing the United States as a sovereign.[23]

#### 1. The United States as a sovereign is immune from damages claims.

We told Mr. Prelle the United States as a sovereign is immune from suit seeking money damages.[24] The United States, the United States Mint, the United States Department of Treasury, the United States Department of State, the Treasurer of the United States in her official capacity, the Secretary of State in his official capacity, and Superintendent Kurzyna in his official capacity are all immune from suit for money damages. Mr. Prelle persists.

Congress may waive the federal government's immunity where a statute "unmistakabl[y] allows it."[25] Absent a waiver, sovereign immunity shields the United States, its agencies, and its employees acting in their official capacities from suits for money damages.[26] Congress did not waive sovereign immunity for a damages claim for any theory of liability advanced by Mr. Prelle.

Mr. Prelle alleges the United States consented to be sued when it "awarded" a contract (birth certificate) to him and sovereign immunity does not bar equitable remedies, citing Supreme Court's guidance in *United States v. Mitchell* and *Bowen v. Massachusetts*. Neither case is applicable. The Court in *Mitchell* held the United States may be liable for money damages under the Tucker Act if a substantive right is found in some other source of law and the claim

"must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'"[27] The substantive right in *Mitchell* arose from the General Allotment Act of 1887 between the federal government and Native Americans regarding land and timber.[28] We have no such substantive right here or any right. The Supreme Court's guidance in *Bowen v. Massachusetts* does not apply either. The Commonwealth of Massachusetts sued the Secretary of Health and Human Services from a final order refusing to reimburse the Commonwealth for a certain expenditures under the Medicaid program.[29] The Commonwealth asserted the United States waived immunity for final agency action under the Administrative Procedures Act.[30] The Court considered whether a federal district court has jurisdiction to review a final order of an agency or whether the federal Claims Court is the exclusive forum.[31] The waiver of immunity in *Bowen* rested in the Administrative Procedures Act and the question facing the Court pertained to jurisdiction. These are entirely different matters than Mr. Prelle's birth certificate sovereign citizen claims.

Mr. Prelle does not cure the deficiencies. The United States, its departments, and its officials acting in their official capacity are immune from money damages.

**2. The State of New Jersey is immune from suit under the Eleventh Amendment.**

Mr. Prelle's claims against the State of New Jersey for breach of contract and quasi-contract theories are barred by the Eleventh Amendment. The Eleventh Amendment "bar[s] all private suits against non-consenting States in federal court . . . with the goal of protecting 'the States' solvency and dignity.'"[32] The Supreme Court interprets the Eleventh Amendment "to shield States and certain State-affiliated entities from suits for damages in federal court."[33] "There is no exception to Eleventh Amendment immunity for plaintiffs who bring state law claims against a state."[34]

New Jersey may waive its Eleventh Amendment immunity permitting a suit against it in federal court if it does so by making "a clear declaration that it intends to submit itself to our jurisdiction."[35] New Jersey's legislature waived sovereign immunity for breach of contract claims in limited circumstances in the New Jersey Contractual Liability Act.[36] The legislature provided: "The State of New Jersey hereby waives its sovereign immunity from liability arising out of an express contract or a contract implied in fact and consents to have the same determined in accordance with the rules of law applicable to individuals and corporations; provided, however, that there shall be no recovery against the State for punitive or consequential damages arising out of contract nor shall there be any recovery against the State for claims based upon implied warranties or upon contracts implied in law."[37]

The New Jersey Legislature, through the Act, also provides for jurisdiction over claims in the New Jersey state courts: "The courts of competent jurisdiction of the State of New Jersey shall have jurisdiction over all claims against the State for breach of a contract, either express or implied in fact. Contract claims against the State shall be heard by a judge sitting without a jury. Except as otherwise expressly provided herein, all suits filed against the State under this chapter shall be in accordance with the rules governing the courts of the State of New Jersey."[38] Judge Shipp held over ten years ago New Jersey waived immunity for breach of contract claims brought in state court only and did ***not*** waive its immunity to breach of contract actions in federal court.[39]

We lack subject-matter jurisdiction over Mr. Prelle's breach of contract claims based on his birth certificate against New Jersey and dismiss them.

### C. We dismiss Mr. Prelle's claims for equitable relief based on a fictitious contract.

Mr. Prelle claims the United States entities and the State of New Jersey breached their fiduciary duties to him and asks us to impose a constructive trust, direct specific performance,

7

order an accounting, equitably estop Defendants from "deny[ing] their obligations," enjoin the United States entities and the State of New Jersey from denying his "rights" under the "contract," and declare he "holds a valid and enforceable equitable interest" in his birth certificate and authentication certificate, the authentication certificate is a "legally binding agreement," the United States entities and the State of New Jersey owe him a fiduciary duty, the United States entities and the State of New Jersey must redeem or return his equitable interest on his "demand" as part of their contractual obligations, and the United States entities and the State of New Jersey are not immune from suit.[40]

Mr. Prelle's requested equitable relief is based on a presumption his birth certificate and the authenticated certificate from March 2024 created an equitable interest in property entitling him to payment from the United States and the State of New Jersey. He asks us to impose a constructive trust, an equitable remedy typically designed to prevent unjust enrichment. But neither the United States entities nor the State of New Jersey have been unjustly enriched by the alleged failure to pay Mr. Prelle on an equitable interest which does not exist. He essentially asks us to order the United States, its officers and officials and the State of New Jersey to "redeem" his "equitable interests linked to the Contract."[41] There is no contract and, relying on the Federal Claims court's routine dismissal of frivolous claims, we dismiss claims for declaratory relief.

Mr. Prelle seeks injunctive relief to enjoin Defendants from denying his rights under the contract.[42] The first element of injunctive relief is a reasonable probability of success on the merits.[43] Mr. Prelle cannot meet his burden on the first element because there is no contract. Mr. Prelle seeks declaratory relief under the Declaratory Judgment Act authorizing a federal court, in its discretion, "in a case of actual controversy within its jurisdiction" to declare "the rights and other legal relations of any interested party seeking such declaration[.]"[44]

8

Mr. Prelle does not have rights in a non-existent contract. We deny Mr. Prelle's requested equitable relief with prejudice.

## III. Conclusion

We dismiss Mr. Prelle's third amended Complaint consistent with our screening obligations. We gave Mr. Prelle an opportunity to amend his complaint. He did so several times. He continues to advance a theory his birth certificate from 1967, authenticated by the State Department in March 2024, creates a contract with the United States and/or the State of New Jersey based on sovereign citizen redemptionist theories repeatedly rejected by federal courts. We join our colleagues in holding these sovereign citizen theories are frivolous. We dismiss this case with prejudice.

---

[1] ECF 24 ¶¶ 14, 17. Mr. Prelle's third amended Complaint appears to reflect his belief in the sovereign citizen movement and the "redemption" process. The movement is centered on the belief the federal government enters contracts with its citizens through birth certificates and social security cards and holds money in individual trust accounts for each citizen. The contracts create a fictitious entity in the individual's name in all-capital letters. *Ammon v. United States*, 142 Fed. Cl. 210, 214-15 (Fed. Cl. 2019) (citing *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 758-59 (W.D. Va. 2007)); *see also Potter v. United States*, 161 Fed. Cl. 24, 28-29 (Fed. Cl. 2022) (explaining the distinction sovereign citizen plaintiffs make between their names written in all capital letters and the same names written with only the initial letter capitalized); *Coppedge v. Deutsche Bank Nat'l Tr.*, 511 F. App'x 130, 131 (3d Cir. 2013) (affirming denial of preliminary injunction by a sovereign citizen challenging a state court writ of judgment using his "corporate issue name" in all capital letters). Mr. Prelle seeks to collect the money he alleges the United States owes to him under the contract through the redemption process. We dismissed an earlier complaint filed by Mr. Prelle against his own fictitious entity (in all capital letters) seeking monies allegedly owed to him in August 2016. *See Prelle v. Prelle*, No. 16-3723.

[2] ECF 24 ¶¶ 31, 33. Mr. Prelle refers to these as "certificates." We understand these are replacement birth certificates issued by the State of New Jersey at a cost of twenty-five dollars. *Vital Statistics Fees at a Glance*, STATE OF N.J. DEP'T OF HEALTH, https://www.nj.gov/health/vital/order-vital/fees/ (last visited Nov. 22, 2024).

[3] ECF 24 ¶¶ 25-27. Mr. Prelle paid eight dollars for the "authentication certificate." A form DS-4194 is a request for an authentication certificate "used by individuals, institutions, and government agencies to request authentication and/or apostille certificates under the seal of the U.S. Department of State for documents used for legal and administrative purposes abroad." U.S.

---

DEP'T OF STATE, DS-4194, REQUEST FOR AUTHENTICATIONS SERVICE (2023), https://eforms.state.gov/Forms/ds4194.PDF (last visited Nov. 22, 2024). The Department of State will authenticate documents for use abroad by United States citizens using the DS-4194 form for use in countries not in the 1961 Hague Convention Treaty. https://travel.state.gov/content/travel/en/replace-certify-docs/authenticate-your-document/ authentication-certificate-requirements.html (last visited Nov. 22, 2024). Mr. Prelle does not plead how a form DS-4194 applies to him.

[4] *Id.* ¶¶ 43-44. Mr. Prelle alleges the March 2016 authentication certificate is a contract between him and the United States. *Id.* ¶ 29. He also Mr. Prelle alleges the contract he has with the United States is evidenced by his authenticated birth certificate. *See e.g. Id.* ¶¶ 21, 25, 75. Liberally construing Mr. Prelle's allegations, certificates, forms, and pleaded process, Mr. Prelle appears to have ordered two copies of his birth certificate from the State of New Jersey. ECF 6 at 7; ECF 24 at ¶¶ 31, 33. Mr. Prelle attached one copy of his birth certificate to earlier filed exhibits. *See* ECF 6 at 7. Mr. Prelle then submitted a DS-4194 form and his birth certificates to the Department of State to authenticate the birth certificates. The Department of State issued Mr. Prelle an authentication certificate showing his New Jersey birth certificates are authentic documents. ECF 6 at 3; ECF 24 ¶¶ 25-28.

[5] ECF 24 ¶ 45.

[6] *Id.* ¶¶ 22-24.

[7] The Treasurer of the United States is Marilynn Malerba sued in her official capacity. *Id.* ¶ 4. The Secretary of State is Antony Blinken sued in his official capacity. *Id.* ¶ 7.

[8] *Id.* ¶ 10.

[9] Mr. Prelle first sued the United States Mint, Robert Kurzyna, and the Treasurer of the United States on October 1, 2024 seeking an accounting and redemption of his "certificate" relying on the Uniform Commercial Code, the Trading with the Enemy Act, and an unidentified civil rights claim under 42 U.S.C. §1983. ECF 2. We granted Mr. Prelle's motion to proceed *in forma pauperis* and screened his complaint consistent with our obligation under 28 U.S.C. § 1915(a). We dismissed his Complaint explaining the United States Mint, its Superintendent, and the Treasurer of the United States are immune from suit seeking money damages and we lack jurisdiction over Mr. Prelle's claims for an accounting under the Uniform Commercial Code. ECF 14, 15. We granted Mr. Prelle leave to timely amend if he could plead facts consistent with his Rule 11 obligations. *Id.* Mr. Prelle filed an amended Complaint again suing the United States Mint, Superintendent Kurzyna, and the Treasurer of the United States adding more claims. ECF 16. Before we could screen the amended Complaint, Mr. Prelle filed a second amended Complaint suing the same parties but adding the United States as a defendant. ECF 19. We struck the amended Complaint (ECF 16) as moot on the filing of the second amended Complaint (ECF 19) subject to our screening obligations. ECF 22. Four days later, Mr. Prelle filed his third amended Complaint. ECF 24. We struck the second amended complaint as moot (ECF 19). Mr. Prelle's third amended Complaint (ECF 24) is the operative complaint subject to our screening.

---

[10] 28 U.S.C. § 1915(a).

[11] *Id.* § 1915(e)(2)(B).

[12] *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Jones v. Grill*, No. 21-2091, 2024 WL 3423707, at *2 n. 3 (3d Cir. July 16, 2024).

[13] *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018).

[14] *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[15] *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

[16] *Id*. (quoting *Iqbal*, 556 U.S. at 668).

[17] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). We are mindful, however, of Mr. Prelle's repeated and unsuccessful attempts to recover on a trust created by his birth certificate issued by the State of New Jersey. In March 2020, our Court of Appeals denied Mr. Prelle's petition for writ of mandamus from the United States District Court for the District of New Jersey's denial of his application to proceed *in forma pauperis*. *See In re Arthur Scott Prelle*, 795 F. App'x 880 (3d Cir. 2020). In March 2022, Judge Shipp of the United States District Court for the District of New Jersey dismissed Mr. Prelle's second amended Complaint against the Treasurer of the State of New Jersey, the Governor of the State of New Jersey, and the Treasurer of the United States seeking a trust, accounting, and claiming unjust enrichment based on an alleged trust created by his New Jersey birth certificate with no further leave to amend. *Prelle v. Chief Executive of New Jersey*, No. 16-5447, 2022 WL 657641 (D.N.J. Mar. 4, 2022). Mr. Prelle appealed to our Court of Appeals which, in a per curiam opinion, affirmed Judge Shipp's dismissal of the complaint making blanket assertions and conclusory allegations not compliant with Federal Rule of Civil Procedure 8 and affirmed the District Court's denial of further leave to amend. *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896 (3d Cir. Nov. 16, 2022). Mr. Prelle petitioned for a writ of certiorari denied by the United States Supreme Court. *Prelle v. Chief Executive Officer of New Jersey*, 143 S.Ct. 2590, 216 L. Ed. 2d 1197 (June 5, 2023). Mr. Prelle petitioned the Supreme Court for rehearing which it denied last year. *Id.*, 144 S.Ct. 50, 216 L.Ed. 2d 1304 (Aug. 21, 2023). His earlier New Jersey actions are in addition to his 2016 action dismissed by us in this Court and the current action.

[18] *Gravatt v. United States*, 100 Fed. Cl. 279, 286 (Fed. Cl. 2011).

[19] *Robinson v. United States*, No. 24-166, 2024 WL 4524743, at *6, n. 11 (Fed. Cl. Sept. 17, 2024) (citing *Walby v. United States*, 957 F.3d 1295, 1297, 1302 (Fed. Cir. 2020) (collecting

11

cases)); *Potter,* 161 Fed. Cl. at 28-29; *Ammon*, 142 Fed. Cl. at 218-20; *Rivera v. United States*, 105 Fed. Cl. 644, 646, 647-48, 650 (Fed. Cl. 2012); *Gravatt*, 100 Fed. Cl. at 286.

[20] *Potter*, 161 Fed. Cl. at 28-29.

[21] *Id.* at 29 (citing *Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020)).

[22] *Mitchell v. United States*, 136 Fed. Cl. 286, 289 (Fed. Cl. 2018).

[23] We remind Mr. Prelle of our Court of Appeals' observations rejecting claims based on sovereign citizen or redemptionist movements "which frequently rely on attacks on the judiciary and invocations or alchemistic, archaic, and irrelevant formalism, are unlikely to bring [plaintiff] relief in **any** court of law, and [plaintiff] would be wise to direct his energies in a more productive direction." *Coppedge*, 511 F. App'x at 133 (emphasis in original)

[24] *See* ECF 14; *see also Agric. Rural Dev. Rural Housing Serv. v. Kirtz*, 601 U.S. 42, 48 (2024) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)); *D.J.S.-W by Stewart v. United States*, 962 F.3d 745, 749 (3d Cir. 2020).

[25] *Kirtz*, 601 U.S. at 48-49 (quoting *FAA v. Cooper*, 566 U.S. 284, 291 (2012)).

[26] *Bah v. United States*, 91 F.4th 116, 120 (3d Cir. 2024) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).

[27] *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (quoting *Testan*, 424 U.S. at 400) (footnote omitted).

[28] *Id.* at 208-09.

[29] 487 U.S. 879 (1988).

[30] *Id.* at 887.

[31] *Id.* at 882-83, 912.

[32] *Allen v. New Jersey State Police*, 974 F.3d 497, 504 (3d Cir. 2020) (quoting *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 52 (1994)).

[33] *Id.* at 505 (quoting *Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ.*, 880 F.3d 643, 654 (3d Cir. 2018)).

[34] *Id.*(citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)).

[35] *Id.* (quoting *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 504 (3d Cir. 2001)).

---

[36] N.J. STAT. ANN. § 59:13-1.

[37] *Id*. § 59:13-3.

[38] *Id.* § 59:13-4.

[39] *NJSR Surgical Ctr., LLC. v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 979 F. Supp. 2d 513, 520 (D.N.J. 2013). Judge Shipp recently applied his finding to dismiss breach of contract claims against the New Jersey Department of Community Affairs' Division of Housing and Community Resources for lack of subject-matter jurisdiction in federal court without prejudice to assert in state court. *Winfield Scott Tower Urban Renewal LP v. Luciani*, No. 23-133, 2024 WL 4570908, at *4, n.5 (D.N.J. Oct. 24, 2024).

[40] ECF 26.

[41] *See e.g.* ECF 26 ¶¶ 78b, 84a, 97c, 102b, 126.

[42] *Id.* ¶ 146.

[43] *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).

[44] 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.* 549 U.S. 118, 136 (2007).